## Alderdice et al. *v.* Smith, Appellant.

Argued October 4, 1935.

Before KELLER, P. J.,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*I. Edward Roth,* with him *Leo Kostman,* for appellant.

*Milton K. Susman,* for appellee.

OPINION BY STADTFELD, J., November 13, 1935:

This is an action of assumpsit on an oral lease with the defendant, the plaintiffs alleging in their statement of claim, that through their agent, Peoples-Pittsburgh Trust Company, they entered into an oral agreement with the defendant, whereby one of plaintiffs' apart-

ments was leased to the defendant, who agreed to pay a monthly rental of forty ($40.00) dollars therefor.

The defendant, in his affidavit of defense, denied each and every one of the allegations in the plaintiffs' statement of claim as stated, admitting, however, that there was an oral lease providing for a rent of forty ($40.00) dollars per month, but that said oral lease was made with one H. Smith, and not the defendant.

The case was tried before the court sitting without a jury, which, in an opinion by PIEKARSKI, J., entered judgment for the plaintiffs, in the sum of three hundred and sixty ($360.00) dollars, finding as a fact that the oral contract of lease was entered into with the defendant.

D. K. Tsorvas, one of plaintiffs, testified that his agent informed him that they had a prospective tenant for one of his apartments, but that certain repairs were demanded. The next day, Tsorvas, one of his agent's employees, the janitor, the defendant, and the defendant's son, H. Smith, met in the apartment and proceeded to discuss the question of repairs. Mr. Tsorvas' testimony is that the defendant gave the directions as to what repairs he required, and that the son, H. Smith, took no part whatever in this discussion. He further testified that, through another agent, the defendant had been a previous tenant of his in the same apartment building, but that he never knew his first name or initial, knowing him only as "Smith".

The testimony of the janitor, Stephen Andre, is to the same effect that all instructions received by him with respect to the Smith apartment were given by the defendant or his maid.

Charles Goeddel, an employee of the Peoples-Pittsburgh Trust Company, testified that he was employed as a collector of rents, and that he always called upon "the old gentleman" (referring to the defendant) for the rent, and very often he went down to the defend-

ant's place of business where the rent check was made out by "the young man" (referring to defendant's son, H. Smith) and the "old gentleman" signed it. He further stated that he made out receipts to H. Smith because that is the way it appeared on his book. In answer to a question of the Court as to whom he knew to be H. Smith, he answered: "I always thought the old gentleman was H. Smith."

The testimony on the part of plaintiffs is that at the time the premises were leased, the defendant was present, as well as his son, H. Smith, but that the entire discussion was with the defendant, and that his son, H. Smith, took no part whatsoever in the discussion. The only conflict between the testimony on both sides is as to the parties present. It was for the trial judge to find the facts.

In finding as a fact that the defendant was an occupant and lessee, the Court must necessarily have believed the plaintiffs' testimony that the defendant was present when the agreement was made and took part in the discussion.

The findings of a trial judge, without a jury, if supported by legally competent testimony, have the force and effect of a verdict by a jury. A careful examination of the testimony leads us to the conclusion that it is sufficient to sustain the finding of the lower court.

The assignments of error are overruled and judgment affirmed.